IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

SHERYL ANN RHODES,
    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,
    Defendant.

Case No. 4:15-cv-04001-JEH

**Order**

**I**

The Plaintiff filed her Complaint (Doc. 1) on January 2, 2015 seeking review of the final decision of the Commissioner denying her application for Social Security benefits. On September 1, 2015, the Court reversed the decision of the ALJ and remanded this case pursuant to Sentence 4 of 42 U.S.C. § 405(g) for a new hearing. The Plaintiff now seeks attorney fees as the "prevailing party" pursuant to 28 U.S.C. § 2412(d) in the amount of $2,995.13. The Commissioner did not file a response to the Plaintiff's Motion for EAJA Fees (Doc. 20), and so the Court presumes pursuant to Local Rule 7.1(B)(2) that there is no opposition to the Motion and accordingly rules as follows.

**II**

28 U.S.C. § 2412(d)(1)(B) provides:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at

which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(2)(A) provides, in relevant part, that "fees and other expenses" in Section 2412(d)(1)(B) include:

> [R]easonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

Here, the Plaintiff is the "prevailing party" in light of the fact that she obtained a Sentence Four judgment reversing the Commissioner's denial of benefits. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (stating that obtaining a sentence-four judgment reversing the Secretary's denial of benefits meets the description of a "prevailing party").

Next, the Plaintiff argues that the Government's position in denying her application for Social Security Disability insurance benefits and/or Supplemental Security Income Benefits was neither grounded in law nor fact and therefore was not "substantially justified." It is the Government's burden to prove that its position was substantially justified, and to do so, the Government must show: 1) a reasonable basis in truth for the facts alleged and the theory propounded; 2) a reasonable basis in law for the theory propounded; and 3) a reasonable connection between the facts alleged and the theory propounded. *United States v. Pecore*, 664 F.3d 1125, 1131 (7th Cir. 2011) (internal citations omitted).

2

Here, the Government did not sustain its burden where it did not file a Response to the Plaintiff's Motion.

Also, the Plaintiff seeks an attorney fee award of $183.75 per hour, in excess of the $125 per hour rate set forth in Section 2412(d)(2)(A), based upon the increased cost of living. The Court has considered the increased cost of living as detailed in the Plaintiff's Motion and finds that the 16.3 hours claimed in this case at a rate of $183.75 per hour is reasonable. Accordingly, the Court finds that the proper award of fees in this matter is $2,995.13. The Plaintiff's total award pursuant to the EAJA is $2,995.13.

Finally, if there are no pre-existing debts that the Plaintiff owes the United States, the attorney fees awarded in this Order shall be paid directly to the Plaintiff's counsel. *See Astrue v. Ratliff, 560 U.S. 586, 589 (2010)* ("We hold that a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States").

### III

For the reasons set forth above, the Plaintiff's Motion for EAJA Fees is GRANTED (Doc. 20), and $2,995.13 in attorney fees for a total award of $2,995.13 is payable directly to her counsel only if there are no pre-existing debts that the Plaintiff owes the United States. If the Plaintiff does have pre-existing debts owed to the United States, her EAJA attorney fee award is subject to a Government offset to satisfy the pre-existing debts.

*It is so ordered.*

Entered on December 21, 2015.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE
